UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TOT LEVI HAUGHTON,
    Petitioner,

v.                                       Case No.:    8:03-cr-479-T-24TGW
                                                                                                     8:05-cv-1583-T-24TGW

UNITED STATES OF AMERICA,
    Respondent,
_____/

**ORDER**

This cause comes before the Court upon Petitioner Tot Levi Haughton's ("Haughton") Motion to Vacate, Set Aside, or Correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 and memorandum in support ( Doc. CV-1; CR-39). The Government filed a response in opposition to Haughton's motion (Doc. CV-8). Haughton did not file a reply. After careful consideration of each party's submission along with the files, records, and transcripts relating to Haughton's judgment and sentence, this Court has determined that Haughton's motion pursuant to 28 U.S.C § 2255 should be **DENIED**.

**I.**    **BACKGROUND**

On May 17, 2004, Haughton entered an open guilty plea to Counts One and Two of the Indictment, which charged Haughton with conspiracy to distribute and possess with the intent to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 846, and distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A)(iii) (Doc. CR-35).

On August 17, 2004, the Court conducted a sentencing hearing. During the sentencing hearing, Haughton's counsel objected to his sentencing guideline calculation and requested the Court give Haughton a minor role reduction pursuant to USSG § 3B1.2 (Doc. CR-42 at 9-10). After permitting Haughton's counsel to argue the objection to the presentence investigation report ("PSR") regarding Haughton's minor role, the Court recessed the proceeding to permit Haughton and his counsel to discuss whether he would testify in support of the minor role request (Doc. CR-42 at 11-14). Following the recess, Haughton's counsel stated that Haughton would not testify but would rely on the information in the PSR (Doc. CR-42 at 14). The Court overruled the minor role objection (Doc. CR-42 at 14-15).

This Court sentenced Haughton to eighty-seven months imprisonment as to Counts One and Two of the Indictment, with the sentences to run concurrent to each other (Doc. CR-35; CR-42 at 15-16). Judgment was entered that same day (Doc. CR-35). Haughton did not appeal his conviction or his sentence. On August 25, 2005, Haughton timely filed the present 28 U.S.C. §2255 motion to vacate his sentence (Doc. CV-1; CR-39).

## II.     HAUGHTON'S CLAIMS

Haughton raises three claims in the motion to vacate: (1) the District Court lacked jurisdiction over his crime because cocaine base/crack cocaine base is not a scheduled "controlled substance;" and, therefore, Haughton should have been sentenced for conspiracy to distribute cocaine and not distribution of cocaine base; (2) the cocaine base/crack cocaine penalty clauses, 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), are unconstitutionally vague; and (3) Haughton's counsel was ineffective because he failed to file a motion for a minor role adjustment pursuant to USSG § 3B1.2.

A. Claims One and Two

Haughton argues that the District Court lacked jurisdiction over his crime and that the language of 21 U.S.C. § 841 is unconstitutionally vague. Haughton could have raised these two claims on direct appeal. However, he did not do so because he did not file a direct appeal. The claims are now procedurally defaulted unless (1) Haughton can show cause for failing to raise the claims and that he suffered prejudice for not raising the claims, or (2) he can establish that he is actually innocent and that a manifest injustice will occur if this Court does not reach the merits of the claims. Bousley v. United States, 523 U.S. 614, 622-24 (1998); United States v. Frady, 456 U.S. 152, 166, (1982); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). Haughton has not shown cause and prejudice nor does he assert actual innocence. Therefore, claims one and two are procedurally barred. However, even if these two claims were not procedurally barred, the claims would still be denied because they lack merit.

1. Lack of Jurisdiction

Haughton claims that this Court lacks jurisdiction over his crimes for the following reasons: the words "cocaine base" do not appear in 21 U.S.C. § 812, cocaine base is not a scheduled controlled substance, and, therefore the substance is a new drug which must be scheduled before it can be a crime (Doc. CV-1, Memorandum at 6-8). Haughton's argument is not persuasive.

The plain language of 21 U.S.C. § 812, Schedule II(a), encompasses cocaine base as a controlled substance because cocaine base is produced directly or indirectly from "cocaine, its salts, optical and geometric isomers, and salts of isomers." 21 U.S.C. § 812, Schedule II(a). The Eleventh Circuit stated in United States v. Sloan: "[T]he chemical compound, $C_{17}H_{21}NO_4$, occurs naturally in the coca leaf. It is a 'base' because it reacts with acids to produce salts, and

3

thus, is referred to chemically as 'cocaine' or 'cocaine base . . . .'" United States v. Sloan, 97 F.3d 1378, 1281-82 (11th Cir. 1996). Because the term "cocaine base" may be chemically referred to as "cocaine," it is a listed controlled substance, and, thus, it is a federal violation to possess such a substance. This Court properly exercised jurisdiction over Haughton's offense pursuant to 18 U.S.C. § 3231 because "the district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the law of the United States." 18 U.S.C. § 3231.

   2. Vagueness of Penalty Statute

  Haughton's claim that the language of 21 U.S.C. § 841(b)(1)(A) is unconstitutionally vague is also without merit. Haughton argues that because both § 841(b)(1)(A)(ii)(II) and § 841(b)(1)(A)(iii) apply to cocaine base and have different penalties, the statute is ambiguous. In Sloan, the Eleventh Circuit acknowledged that both § 841(b)(1)(A)(ii)(II) and § 841(b)(1)(A)(iii) apply to cocaine base, yet cocaine base contained within § 841(b)(1)(A)(iii) provides for a more severe punishment. Id. at 1381-82. The Eleventh Circuit concluded that it was Congress' intent to single out cocaine base for more severe punishment and that the language in § 841(b)(1)(A) is not vague. Id. 1382.

  Furthermore, for a statute or law to be unconstitutionally vague, it must fail to "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). Title 21 U.S.C. § 81(b)(1)(A) makes clear that a drug containing a cocaine base is illegal and possession with intent to distribute the drug is punishable under federal law, as such, § 841(b)(1) is not unconstitutionally vague.

B.     Claim Three

Haughton claims that his counsel was ineffective for failing to move for a minor role adjustment pursuant to USSG § 3B1.2.  The burden is on the petitioner to "demonstrate a constitutional violation" in his counsel's performance because counsel is otherwise presumed to be competent to provide assistance to the defendant.  United States v. Cronic, 466 U.S. 648, 658 (1984).  For a defendant to prevail in an ineffective assistance of counsel claim, the defendant must prove, by a preponderance of competent evidence, (1) that counsel's assistance fell below an objective standard of reasonable legal assistance and (2) that the defendant was prejudiced by counsel's assistance.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Haughton has failed to meet either Strickland prong.

Contrary to Haughton's claim that his counsel was ineffective for failing to move for a minor role adjustment, the record shows that during the sentencing hearing, counsel requested and argued for a guideline adjustment based on Haughton's alleged minor role in the offense, even though the PSR suggested that Haughton should not be given a minor role reduction (Doc. CR-42 at 9-10, 11-12).

Haughton claims he had a minor role in the offense because he was a "passive" participant who merely handed off a bag containing crack cocaine to a confidential informant (Doc. CV-1 at 19).  However, his admissions during the plea colloquy show otherwise:

> MS. CHAPA-LOPEZ [AUSA - Prosecutor]: . . . Knowing that it was crack cocaine in the bag, he, Haughton, the defendant, handed it to the confidential informant.
>
> The confidential informant opened the bag and found it – found that it contained the crack cocaine.  The defendant and the CI [Confidential Informant] discussed the quality of the cookies of the crack.  The defendant told him it was pretty, and told him not to break the cookies.

>The defendant was arrested for distribution of 248 grams of crack cocaine. And this transaction was audiotaped.
>
>THE COURT: And the crack cocaine was seized?
>
>MS. CHAPA-LOPEZ: Yes, Your Honor.
>
>THE COURT: Okay.
>
>MS. CHAPA-LOPEZ: And has since been tested and confirmed by the DEA lab that it was, in fact, 248 grams of crack.
>
>THE COURT: Okay.
>
>All right.  Mr. Haughton, or Mr. Clark [Haughton's counsel], do you have any additions, corrections or objections to any of those facts?
>
>MR. CLARK:  No, Your Honor.
>
>THE DEFENDANT:  No, Your Honor.
>
>THE COURT:  Okay.
>
>Is that essentially what happened?
>
>THE DEFENDANT:  Yes, Your Honor.

(Doc. CR-41 at 24-25).

The Court adopted the PSR's guideline calculations and denied Haughton's request for a minor role reduction.

Haughton cannot show that his counsel's performance was deficient for failing to file a motion requesting a minor role because counsel did argue to the Court that Haughton was entitled to a minor role reduction (Doc. CR-42 at 11-12).  The Court denied the request that Haughton be sentenced as a minor participant.  However, counsel cannot be ineffective because the Court denies a motion or disagrees with an argument.  Because Haughton's counsel raised

the issue of a minor role reduction at sentencing and Haughton suffered no prejudice, his counsel was not constitutionally ineffective.

Accordingly, the Court **ORDERS**;

That Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. CV-1, CR-39) is **DENIED**. The clerk is instructed to **ENTER JUDGMENT** for the United States in Case No. 8:05-cv-1583-T-24TGW, **TERMINATE** all other pending motions, and **CLOSE** the civil case.

**IT IS FURTHER ORDERED** that defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue · · · only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Haughton has not made the requisite showing in these circumstances.

Finally, because Haughton is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of July, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
AUSA: Sandra Woodall Deisler
Tot Levi Haughton, Pro se